## CHIELOVICH v. KRAUSS.

### No. 11,007; September 1, 1886.

11 Pac. 781.

**Intervention.—A Plaintiff's Demurrer to an Intervention Should have Been Sustained** when the intervention did not allege facts showing that the judgment was unjust, or facts showing that the defendant in the case had a defense to that action.[1]

**Mortgage—Redemption—Tender.—Under the California Civil Code,** an offer to pay by one who seeks to redeem from a mortgage must be made with intent to extinguish the obligation.[2]

Charles L. Queer and Ball & Craig for appellant, Chielovich; W. B. Treadwell and Grove L. Johnson for respondent, Krauss.

By the COURT.—Plaintiff's demurrer to the intervention should have been sustained. The intervention does not allege facts which show that the judgment was unjust, or facts showing that the defendant in Chielovich v. Roth had a defense to that action. The statement that he pleaded a defense which he was advised by counsel was good, and which he believed to be good, was not sufficient.

The mode of offering to perform prescribed in the chapter of the Civil Code headed "Offer of Performance" (section 1485 et seq.) applies as well to offers of performance which operate a redemption (Civil Code, section 2905) as to other offers to perform. Such offers must be made with "intent to extinguish the obligation," since the lien can be extinguished only by extinguishing the obligation. Section 1500 provides that an obligation to pay money is extinguished by a due offer of payment "if the amount is immediately deposited in bank," etc. It follows that an offer to pay by one who seeks to redeem from a mortgage must be made in the same way.

---

[1] Cited in the note in 123 Am. St. Rep. 291, on intervention.

[2] Cited and approved in San Pedro Lumber Co. v. Reynolds, 121 Cal. 91, 53 Pac. 416, where the tender, the court says, was not made in compliance with the law, it being of pledged stock and, besides, for an amount less than that due.

When Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145, was decided, there was no New York statute which prescribed the mode in which an offer to perform must be made.

Neither plaintiff nor intervener was entitled to any relief in this action.

Judgment reversed and cause remanded.

Myrick, J., dissenting.